MATTHEW A. HODEL (SB# 93962)
Email: mhodel@hodelwilks.com
FRED L. WILKS (SB# 205403)
Email: fwilks@hodelwilks.com
LAURA A. FORBES (SB#151071)
Email: lforbes@hodelwilks.com
HODEL WILKS LLP
4 Park Plaza, Suite 640
Irvine, California 92614
Telephone: (949) 450-4470

Attorneys for Defendant
HEALTHCARE REALTY TRUST INCORPORATED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| G&K FOUNDATION, | CASE NO. 2:22-CV-7263 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| HEALTHCARE REALTY TRUST, INC., and DOES 1-25, inclusive, | |
| Defendants. | |

# NOTICE OF REMOVAL

Defendant HEALTHCARE REALTY TRUST INCORPORATED, erroneously sued herein as HEALTHCARE REALTY TRUST, INC. ("Defendant"), hereby notifies Plaintiff and its counsel, this Court, and the Superior Court of the State of California, County of Los Angeles, that the matter entitled *G&K Foundation v. Healthcare Realty Trust, Inc.* (LASC Case No. 22VECV01402, filed September 22, 2022) (the "Action") is hereby removed to the United States District Court for the Central District of California, Western Division.

## GROUNDS FOR REMOVAL

1.  Pursuant to 28 U.S.C. § 1446(a), the following sets forth a short and plain statement of the grounds for removal.

2.  This Court has original jurisdiction of the Action under 28 U.S.C. § 1332(a), and the Action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.  28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Complete Diversity Is Present

4.  For purposes of determining diversity jurisdiction, a corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S.

77, 93, 130 S.Ct. 1181, 1192-93 (a corporation's "principal place of business" in the federal diversity statute refers to the "nerve center" of the corporation).

5. Plaintiff is a California corporation: Plaintiff's Complaint alleges that Plaintiff is a corporation formed and located in California (¶ 1), Plaintiff stated in the parties' lease that it is a non-profit public benefit corporation, and Plaintiff signed a tenant's estoppel certificate stating that Plaintiff is a California corporation.

6. Defendant is a corporation incorporated under the laws of Maryland, with its principal place of business in Nashville, Tennessee.

7. Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of California, and Defendant is a citizen of Maryland and Tennessee.

8. Accordingly, the diversity requirements of 28 U.S.C. § 1332(a)(1) are met, and the Action is removable to this Court.

Amount in Controversy Exceeds $75,000

9. Plaintiff's Complaint alleges that it is entitled to damages in the amount of $2,775,000.00, exclusive of costs, interest and attorney's fees (¶ 15). Accordingly, the amount in controversy in the Action exceeds the sum or value of $75,000, exclusive of interest and costs, for purposes of 28 U.S.C. § 1332(a).

**COMPLIANCE WITH REMOVAL PROCEDURES**

10. The United States District Court for the Central District of California, Western Division, is the district court "for the district and division embracing the place [the Superior Court of the State of California, County of Los Angeles] where [the Action] is pending," in compliance with 28 U.S.C. §§ 1441(a) and 1446(a).

11. Pursuant to 28 U.S.C. § 1446(a), a short and plain statement of the grounds for removal are set forth above and attached hereto as Exhibits 1-5 are

copies of the docket and all documents received by Defendant in the Action as of the date this Notice of Removal was filed, upon information and belief.

12. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Complaint in this Action was filed on September 22, 2022. Defendant received a copy of the Complaint on September 26, 2022, when Plaintiff unsuccessfully attempted to serve the Complaint on Defendant. Plaintiff did not properly serve the Complaint because Plaintiff served the Complaint upon an individual who is not an agent for service of process of Defendant, as required under California law. Accordingly, this Notice of Removal was filed within 30 days of "receipt by the defendant, through service or otherwise" for purposes of § 1446(b).

13. This Notice of Removal is also timely under 28 U.S.C. § 1446(c)(1). Again, the Action was only recently filed on September 22, 2022, and accordingly this Notice of Removal was not filed "more than 1 year after commencement of the [Action] for purposes of § 1446(c)(1)."

14. There are no defendants named in the action other than Defendant. Plaintiff has not filed any proofs of service in the Action with respect to any other defendant. Accordingly, Defendant need not obtain the consent of any other defendant for purposes of this removal, and the Action is removable to this Court.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to Plaintiff, and a copy of this Notice of Removal will be filed in the Superior Court of the State of California, County of Los Angeles.

16. In compliance with 28 U.S.C. § 1446(a) this Notice of Removal is signed by counsel pursuant to Fed. R. Civ. P. 11.

### **RESERVATION OF RIGHTS**

17. By removing this Action to this Court, Defendant does not waive defenses, objections, or motions available to it under state or federal law, including

without limitation jurisdiction, venue, standing, or failure to state a claim upon which relief can be granted.

DATED: October 5, 2022

HODEL WILKS LLP
MATTHEW A. HODEL
FRED L. WILKS
LAURA A. FORBES

By: _____
FRED L. WILKS

Attorneys for Defendant
HEALTHCARE REALTY TRUST INCORPORATED

4873-2489-1190, v. 1